TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
3219 E Camelback Rd #588
Phoenix, AZ 85018
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Credit Repair Lawyers of America
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*Diem Dixon*

IN UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| Diem Dixon, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation; and Comenity Bank, an Ohio corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

1

NOW COMES THE PLAINTIFF, DIEM DIXON, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violations of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the town of Gilbert, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. Plaintiff is a natural person residing in town of Gilbert, Maricopa County, Arizona.

6. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation that conducts business in the state of Arizona; and

   b. Comenity Bank ("Comenity") is an Ohio corporation that conducts business in the state of Arizona.

2

## **GENERAL ALLEGATIONS**

7.  Comenity is inaccurately reporting its tradeline ("Errant Tradeline") with an erroneous monthly payment amount of $10.00 on Plaintiff's Experian credit disclosure.

8.  The account reflected by the Errant Tradeline is closed with a $0.00 balance.

9.  Plaintiff no longer has an obligation to make monthly payments to Comenity. This creditor has accelerated the balance due; therefore, Plaintiff no longer has the right or obligation to satisfy this debt in installment payments.

10. The Errant Tradeline should be reported by Comenity with a monthly payment of $0.00.  Per credit reporting industry standard and the Credit Reporting Resource Guide, which is the credit reporting manual created by the three major credit bureaus, no furnisher may report a monthly payment on a closed account.

11. On June 12, 2020, Plaintiff obtained her Experian credit disclosure and noticed the Errant Tradeline inaccurately reporting with an erroneous monthly payment amount.

12. On or about July 29, 2020, Plaintiff submitted a letter to Experian, disputing the monthly payment amount.  In her dispute letter, Plaintiff explained that she does not owe the recurring payments.  Accordingly, Plaintiff no longer has an obligation to make monthly payments to Comenity.  Plaintiff asked Experian to report the monthly payment amount to $0.00.

13. Experian forwarded Plaintiff's consumer dispute to Comenity, and Comenity received Plaintiff's consumer dispute from Experian.

14. Comenity did not consult the Credit Reporting Resource Guide as part of its investigation of Plaintiff's dispute.

15. In response to Plaintiff's dispute, Comenity verified to Experian that its reporting of its Errant Tradeline was accurate.

16. Plaintiff did not receive Experian's investigation results.  Thus, on September 22, 2020, Plaintiff obtained her Experian credit report, which showed that Experian and Comenity failed and/or refused to report the Errant Tradeline with a monthly payment of $0.00.

17. As a direct and proximate cause of Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages.  Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COMENITY

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. After being informed by Experian of Plaintiff's consumer dispute of the erroneous monthly payment amount, Comenity negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

20. Comenity negligently failed to review all relevant information available to it and provided by Experian in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian to report the Errant Tradeline with a monthly payment amount of $0.00.

21. The Errant Tradeline is inaccurate and is creating a misleading impression on Plaintiff's consumer credit file with Experian to which it is reporting such tradeline.

22. As a direct and proximate cause of Comenity's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

23. Comenity is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with reasonable attorneys' fees pursuant to 15 USC 1681o.

24. Plaintiff has a private right of action to assert claims against Comenity arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Comenity for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY COMENITY**

25. Plaintiff realleges the above paragraphs as if recited verbatim.

26. After being informed by Experian that Plaintiff disputed the accuracy of the information it was providing, Comenity willfully failed to conduct a proper reinvestigation of Plaintiff's dispute.

27. Comenity willfully failed to review all relevant information available to it and provided by Experian as required by 15 USC 1681s-2(b).

28. As a direct and proximate cause of Comenity's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

29. Comenity is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in an amount to be determined by the trier of fact, as well as for reasonable attorneys' fees that she may recover pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant her a judgment against Comenity for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

32. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

33. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

34. After receiving Plaintiff's consumer dispute to the Errant Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

35. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

36. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

37. Plaintiff realleges the above paragraphs as if recited verbatim.

38. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

39. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

40. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

41. After receiving Plaintiff's consumer dispute to the Errant Tradelines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

8

42. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

43. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## <u>JURY DEMAND</u>

Plaintiff hereby demands a trial by Jury.


DATED:  October 30, 2020

KENT LAW OFFICES

By:  */s/  Trinette G. Kent*
Trinette G. Kent
Attorneys for Plaintiff,
Diem Dixon

9